IN THE MATTER OF THE PROPOSED CONSOLIDATION OF
THE TOWNS OF WEST HOBOKEN, UNION, GUTTEN-
BERG, WEST NEW YORK AND SECAUCUS, AND THE
TOWNSHIPS OF WEEHAWKEN AND NORTH BERGEN.

Decided April 11, 1924.

**Municipalities—Consolidation—Under Act of 1923, p. 343—Pro-
visions of Act Discussed and Proceedings in the Consoli-
dation of West Hoboken and Town of Union Sustained.**

On application for a writ of *certiorari*.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the applicants, *Robert H. McCarter, Abram C. Saf-
yer* and *Adolph J. H. Peters.*

For the respondents, *J. Emil Walscheid.*

PER CURIAM.

Seven municipalities in the county of Hudson, known as
the towns of West Hoboken, Union, West New York, Secau-
cus and Guttenberg, and the townships of North Bergen and
Weehawken, upon petitions, and pursuant to an order under
an act entitled "An act to enable adjoining municipalities,
other than cities, lying in the same county, to consolidate and
form a city *(Pamph. L.* 1923, *p.* 243), voted on March 4th,
1924, upon the question of consolidation.

Only two of said municipalities—the towns of West Hobo-
ken and Union, being adjoining and contiguous—voted in
favor of consolidation; the remaining five voting against the
proposition.

The contention of the applicants for the writ of *certiorari*
are:

1. The act *(Pamph. L.* 1923, *p.* 243) as well as the peti-
tions, the order of the justice of the Supreme Court for hold-

ing the election, and the ballots used, contemplate and provide for an election and an expression of the will of the voters upon the question of the consolidation of all seven petitioning municipalities and no number less than all.

The clear language of the statute is utterly opposed to such a contention. The petitions and the order for the election are in exact accord with the terms and requirements of the statute, and the ballots used are in the exact language and form fixed by the statute. Any variance with the statute in the petitions, order or ballots would not have been warranted.

2. That if the foregoing contentions are unsound, then, under section 5 of the act in question, the two towns voting in favor of consolidation cannot become consolidated into a city, because that section provides that only municipalities that are contiguous and have together the greatest population shall proceed to incorporate, and that the towns of West Hoboken and Union, out of the petitioning group of seven, have not the greatest population.

But this contention cannot, in any manner, be justified by the language of such section, which, so far as pertinent, is as follows:

"The justice of the Supreme Court * * * shall make an order directing such of the municipalities as are contiguous, and as have voted for consolidation and incorporation as a city, to proceed to incorporate as a city under the provisions of this act; * * * provided, however, that where two or more contiguous municipalities voting for consolidation and incorporation as a city *are separated from other contiguous* municipalities *voting the same way,* by one or more municipalities *voting against consolidation* and incorporation as a city, *only the municipalities that are contiguous,* and which, according to the last preceding census, have together the greatest population, shall proceed to incorporate under the provisions of this act."

Clearly the situation in the case before us is not that referred to and provided for in the proviso contained in section 5 of the act.

As the reasons advanced do not prevent reasonably debatable questions, the application is denied.

This makes unnecessary any decision upon the questions as to whether *certiorari* is the proper procedure and as to whether the municipalities of West Hoboken and the town of Union, as corporate entities and in their corporate capacities, are proper parties as applicants for or prosecutors under a writ of *certiorari*.